## HOLMES *et al. v.* WINTLER.

*(Circuit Court, D. Washington, W. D. July 29, 1891.)*

1. **SUIT TO TRY TITLE—WHEN MAINTAINABLE.**
   A suit in equity to try title and perpetuate evidence thereof cannot be maintained against one in the rightful possession of the land, having an acknowledged life-estate.

2. **DEED AND MORTGAGE—CONSTRUCTION.**
   A conveyance of title to real estate and a mortgage to the vendor for part of the purchase money, delivered simultaneously, constitute but one transaction, and the title of the vendee is from its inception incumbered by the mortgage.

3. **FORECLOSURE OF MORTGAGE.**
   The foreclosure of such mortgage for breach of its conditions and sale of the property pursuant to the decree extinguishes an estate in remainder created by the deed to the mortgagor, as well as his life-estate created by the same deed.

**In** Equity. Suit to try title and perpetuate evidence thereof.
*Robert G. Morrow,* for plaintiffs.
*B. F. Dennison* and *L. L. McArthur,* for defendant.

HANFORD, J. The bill in this case shows that the defendant, Albertina Wintler, is in possession of certain lands situated in Clarke county, in this state, claiming title thereto as owner in fee-simple, and she denies that the plaintiffs have any interest whatever in said property. The plaintiffs admit that the defendant has a valid subsisting interest in the

property, and that she is rightfully in possession, and is entitled to retain possession during the life-time of their father, Leander Holmes, but they claim to have an estate in remainder in said property after the termination of an alleged life-estate now vested in the defendant, and they complain of a supposed injury to them by the denial on the part of the defendant of the existence of their estate in remainder, and therefore they have brought this suit for the purpose of having an adjudication of their rights, and to obtain a decree declaratory of their title. The bill also alleges that certain record evidence necessary to the maintenance of the claim asserted by the complainants has been destroyed by fire, and that witnesses cognizant of the facts are aged, and that all the testimony and evidence upon which they rely is in danger of becoming inaccessible and of being lost. The case has been argued and submitted upon a demurrer to the bill alleging that the bill shows upon its face that the complainants are not entitled to the relief prayed for, or any relief, and does not show any present right in the complainants, or either of them, to maintain the suit. Neither in the principles and rules of equity, nor in the statutes of the United States governing procedure in the national courts, nor in the laws of this state, is there any authority given for the maintenance of a suit in equity to try disputed questions of title to real estate, by a plaintiff out of possession against a defendant having a valid interest in the property, and rightfully in actual possession; and, as the bill in this case is not framed as a bill to perpetuate testimony which a party is entitled to have preserved for use in an anticipated action at law, the demurrer must, for these reasons, be sustained.

I consider the demurrer to be well taken, on the further ground that it affirmatively appears by the facts set forth in the bill that the complainants have no estate or interest whatever in the property referred to. Their claim rests entirely upon a deed given by Amos C. Short and his wife in the year 1859, to their father, Leander Holmes, in fulfillment of a contract by which he purchased the property from Short. The construction most favorable to the complainants makes said deed operate as a conveyance to Leander Holmes of an estate during his life-time, in trust for certain defined uses, and of an estate in remainder to the joint heirs of said Leander Holmes and Susan H. Holmes, incumbered by certain mortgages referred to in said deed, and by a mortgage given to Short, hereinafter mentioned. The words creating the estate in remainder are inapt, and are not found in the granting clause or premises of the deed, but are in the *habendum*. Nevertheless, assuming that a fair interpretation of the instrument, as a whole, supports the claim asserted by the complainants, that it created an estate in remainder in the heirs of Leander and Susan H. Holmes, I am unable to find that any such estate is now in existence. At the time of the delivery of the deed Leander Holmes gave a mortgage back to Amos C. Short to secure payment of part of the purchase money for which the land was sold. The deed and mortgage back took effect simultaneously, and must therefore be regarded as one transaction, so that all the estate which Leander Holmes took was from its inception incumbered by the mortgage for part of the purchase money,

and was subject to be defeated by breach of the conditions of the mortgage. Said mortgage to Short, with a mortgage subsequently given by Leander and Susan H. Holmes to another party, were duly foreclosed for non-payment of the debts which they were given to secure in a court of competent jurisdiction, and the property was sold under the decree of foreclosure, and conveyed to the purchaser by a sheriff's deed. The estate in remainder created by the deed from Short was dependent upon continued existence of the particular estate created in favor of Leander Holmes to the time limited by the deed for its duration, and was subject to be defeated and extinguished by the defeat and extinguishment of the particular estate prior to the expiration of the time so limited. Boone, Real Prop. §§ 177, 178; 4 Kent, Comm. pp. *248, *253. Therefore it makes no difference whether the estate in remainder created in favor of the plaintiffs was a vested remainder in favor of the two of them named in the deed from Short, or whether that estate was incumbered by the mortgage given for part of the purchase money, or whether the plaintiffs, or either of them, were or were not parties to the foreclosure proceedings. The particular estate, and all the estate which Leander Holmes ever had in the property, was defeated and terminated during his life-time by his failure to make the payment secured by the mortgage for the purchase money; and with it the estate in remainder was also defeated and extinguished.